<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| Noel Velazquez, | : | Civil Action No. 11-2075 (SRC)(MAS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| City of Passaic, et al., | : | |
| | : | |
| Defendants. | : | |

SHIPP, United States Magistrate Judge

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's failure to prosecute his case and failure to comply with this Court's Orders. This Report and Recommendation is issued pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Undersigned respectfully recommends that the Court dismiss Plaintiff's Complaint.

**I.      Background**

On March 14, 2011, Plaintiff brought an action against Defendants, City of Passaic and Detective Juan Clavijos ("Detective Clavijos"), in the Superior Court of New Jersey, Law Division, Passaic County based on an alleged sexual assault by Detective Clavijos. According to Plaintiff's Complaint, Detective Clavijos shoved narcotics into Plaintiff's rectum as retaliation for Plaintiff allegedly hiding the narcotics between his buttocks. (Docket Entry Number ("Doc. No.") 1 (Notice of Removal and Complaint ("Complaint") 8.) Defendants timely removed the matter to the District Court and their Answer denied the allegations in the Complaint. The Court scheduled the matter for

an initial Rule 16 scheduling conference on June 1, 2011. However, Plaintiff failed to appear. As Plaintiff is a *pro se* litigant, the Court rescheduled the conference to July. The Court's June 1, 2011 Text Order included the following provision: "Plaintiff should take notice that failure to appear [for the July conference] may result in an order to show cause as to why this matter should not be dismissed." The Court sent a copy of the Text Order to Plaintiff via Certified Mail and received a domestic return receipt (PS Form 3811) that verified Plaintiff's receipt of the Order. Although Defendants' counsel appeared and were prepared to proceed with the July 14, 2011 conference, Plaintiff again failed to appear.

On July 14, 2011, the Court issued an Order to Show Cause as to why the Undersigned should not recommend that the District Court dismiss the case for Plaintiff's failure to comply with this Court's Orders and failure to prosecute the case. (Doc. No. 9.) The Order to Show Cause required Plaintiff to submit a letter regarding his failure to comply with this Court's Orders by August 16, 2011, and scheduled the matter for a hearing on August 23, 2011. (*Id.*) Plaintiff failed to file the pre-hearing submission and failed to appear for the August 23, 2011 hearing. In addition, Plaintiff failed to file any documents with the Court since August 23, 2011.

**II.    Discussion**

Federal Rule of Civil Procedure 37 permits the Court to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express v. Piper*, 447 U.S. 752, 763 (1980) (citations omitted). In the Third Circuit, courts apply the following factors in determining whether to impose a punitive dismissal under Rule 37: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney

was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *James Indus., Inc. v. Lexar Corp.*, 60 Fed. Appx. 385, 388 (3d Cir. 2003) (quoting *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Not all of the factors need to be satisfied in order to dismiss a Complaint. *Id.*

 A consideration of the relevant factors leads the Undersigned to conclude that dismissal of Plaintiff's complaint is warranted. Plaintiff filed the within action against Defendants yet failed to appear at the June 1, 2011 initial scheduling conference, the July 14, 2011 rescheduled conference or the August 23, 2011 Order to Show Cause hearing. Plaintiff also failed to file correspondence by August 16, 2011 as required by the Court's July 14, 2011 Order. Moreover, Plaintiff failed to file any correspondence to the Court whatsoever that would account for his failure to prosecute his case or indicate that Plaintiff even desires to proceed with his case. Plaintiff appears entirely responsible for his failure and Plaintiff's behavior in this case indicates a history of dilatory behavior. This matter is in its earliest stages and it appears that Plaintiff has done nothing whatsoever to further his case. This results in prejudice to Defendants as they can not defend a matter that Plaintiff does not prosecute. Counsel for Defendants have appeared for conferences prepared to litigate the matter, but to no avail. Since Plaintiff has not participated in this case, the Undersigned can not assess the meritoriousness of his claim. Unfortunately, the Court does not find that any alternative sanctions are appropriate under the facts of the present matter.

**III.     Conclusion**

Based on the above, the Undersigned respectfully recommends that the Court dismiss Plaintiff's Complaint against Defendants for failure to comply with this Court's Orders and failure to prosecute the case.

Respectfully submitted,


     s/   Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**

Dated: January 13, 2012